Caruthers, J.,
delivered tbe opinion of tbe Court.
This is a case prepared under tbe act of 1852, concerning arbitrations, and amicable suits, submitting tbe question in dispute to tbe Circuit Judge of tbe Fourth Circuit. Tbe facts agreed upon are, that John Shofner died on tbe 6th of January, 1857, leaving a will, in which be devised to bis son, John Clay Shofner, then a minor, bis “Dobbs,” tract of land, conferring on tbe defendant Isabella, tbe entire management of tbe same, until tbe devisee arrived at age, and with tbe profits of, to school and clothe -the said devisee and Anna Bell, “or anything else that is needed for them.” Tbe land was sowed in wheat the fall before. Tbe question' presented is, who, under this state of facts, is entitled to tbe wheat: tbe plaintiffs as executors; or tbe defendant, for tbe devisee? Tbe Circuit Judge thought tbe lattei’, and so we think.
There seems to be a difference, tbe reason of which is not very palpable, and which was regarded as capricious by Lord EllenborougK, in West vs. Moore, 8 East, 343, which tbe will established between tbe heir and devisee, as to emblements. Tbe personal representative is entitled to tbe growing crop against tbe former, but not against tbe latter. 1 Williams on Ex. 600. This author says: “tbe executor of a tenant in fee, does not enjoy tbe right of emblements, as against a devisee, for if tbe *96 land itself is devised, the growing crops p.ass to the de-visee, and the executor is excluded.”
If the will is made before sowing, and the devisor dies before severance, the devise takes, and not the executor. The sale of land without a reservation of the crop, is governed by same rule as a devise. 4 Kent, 468. 1 Swan, 87.
But if there be anything in the will to show a contrary intent, such an intention would prevail, and the presumption in favor of the devisee, be rebutted. There is nothing in this will to oppose the general principle. Indeed, any other intent is excluded by the clause in juxtaposition with the devise, that his wife, the defendant, is to have the management of the land, and apply the profits to the support of the devisee. This embraces the growing, as well as any subsequent crops. We can see in the will, no indication of either a general or special intent in conflict with the legal principle, by which the emblements go with the land to the de-visee.
Judgment affirmed.